IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 15 CR 518 |
| DANTRELL WILLIAMS, | ) | The Honorable Judge |
| | ) | Gary S. Feinerman |
| | ) | |
| Defendant. | ) | |

## **DANTRELL WILLIAMS' SENTENCING MEMORANDUM**

Now Comes Defendant, DANTRELL WILLIAMS, by his attorney JOSHUA B. ADAMS, and respectfully requests, pursuant to 18 U.S.C. § 3553(a), and *United States v. Booker*, 543 U.S. 220 (2005) and its progeny, that this Honorable Court find Mr. Williams' total offense level at 21, Criminal History category IV, and impose a sentence of thirty-six (36) months imprisonment. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing in § 3553(a). In support of his request, Mr. Williams states as follows.

**I.      Mr. Williams' Sentencing Request**

On August 25, 2015, Dantrell Williams walked into the U.S. Marshall's lockup on the 24th floor of the Dirksen Federal building. Dantrell self-surrendered, knowing he may not walk out of the jail. When he learned of this indictment he contacted counsel and made arrangements to surrender to this honorable court. He does not wish to put his mother through the pain of seeing her son dragged out of her home in handcuffs. Dantrell did all of this while on bond for two state-court cases (the facts of which are the

basis for the indictment in this matter). At every stage of this case, Dantrell has sought to accept responsibility for his actions and put an end to this destructive lifestyle. Dantrell is at a unique crossroads. He can use his sentence as a learning experience and as a time to examine his life choices and make new, more positives changes. He is, after all, only 20 years old. Dantrell's entire life is head of him. He does not wish to spend it in prison. His life is worth saving. Dantrell's life is worth a second chance.

Based on the following arguments, Mr. Williams respectfully requests that this honorable court sentence him to a term of thirty-six (36) months imprisonment. Such a sentence is sufficient, but not greater than necessary to comply with the requirements of 3553(a).

## II. Legal Standard

In *United States v. Booker*, the Supreme Court effectively rendered the United States Sentencing Guidelines (USSG) advisory. 543 U.S. 220 (2005). However, the sentencing court is still required to follow the list of factors enumerated in § 3553(a). In *Rita v. United States*, the Court held that district court judges are required "to 'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing in § 3553(a)." 127 S.Ct. at 2469.

Post-*Booker*, the district court should place "no limitation" on the information concerning the background, character, and conduct of a person convicted of an offense. *See* 18 U.S.C. § 3661; *Booker*, 125 S.Ct. at 760. There are several "individual characteristics . . . not ordinarily considered under the Guidelines," but are still "matters that § 3553(a) authorizes the sentencing judge to consider." *Rita*, 127 S.Ct. at 2473

(Stevens, J., concurring). With these principles in mind, we turn to Mr. Williams proposed sentence.

### III. A SENTENCE OF THIRTY-SIX MONTHS IS SUFFICENT TO ACHIEVE THE PURPOSES OF PUNISHMENT STATED IN 18 U.S.C. §3553(a).

#### I. The nature and circumstance of Mr. Williams' personal history and characteristics mandate a sentence of thirty-six months.

Dantrell wants to change his life before it is too late. His cycle of arrest and conviction takes a significant emotional toll on his mother and close relatives. Dantrell's biological father left him when he was six months. This undoubtedly contributed to Dantrell's problems with the criminal justice system at such a young age. *See* PSI, ¶¶ 35-39. Studies have repeatedly shown that boys growing up in fatherless homes are at a far higher risk to wind up in prison. *See* Harper, Cynthia and McLanahan, Sarah. *Father Absence and Youth Incarceration.*, Journal of Research on Adolesence 14 (September 2004 ); 369-397.

Therefore, from the very beginning of Dantrell's life, he suffered a debilitating disadvantage. What makes this even more tragic is that Dantrell had no control over his father's absence. While Dantrell's mother remarried and gave him a step-father since he was 7 months old, this is not the same as having a biological father guide his son during his formative years. As his criminal history shows, during Dantrell's early teenage years, he turned to a life of crime on the streets. He began selling drugs and possessing guns. PSI., ¶ 37-38. All around the age of 16.

It is not too late for Dantrell. He is still young enough to change his behavior and make positive choices. He has a strong family support group in his mother and siblings. His run ins with the law may also be attributed to his youthful ignorance. Teenagers

make very poor decisions at times. Unfortunately for Dantrell, these decisions have lasting consequences. But they should not determine the next decade of his life. He wants to move away from the negative influences in his life, work hard, and raise a family. A sentence of 36 months imprisonment will allow him to stay clear of the toxic people with whom he has associated.

*Dantrell's advisory guideline range overstates his criminal history*

The Probation department puts Dantrell at a Criminal History Category IV, a total offense level 21, for an advisory guideline range between 57-71 months imprisonment. PSI., ¶ 90. Dantell could serve five years in prison if he is sentenced to the middle of the guideline range. He would spend half of his 20s in prison, and leave him without any job training or the necessary skills to rejoin society. Moreover, an advisory guideline range between 57-71 months overstates Dantrell's criminal history. The crux of his criminal history points is the result of cases from when he was 16 years old and spending time with the wrong people. In fact, Dantrell's mother opined that her son was, and is still "an impressionable child." PSI., ¶64.

A child at 16 makes different choices than a man at 25 or 30. Hopefully Dantrell will not suffer for the rest of his life as a result of the decisions he made as a teenager. He is finished with gangs, running in the streets and using drugs. He wants to stay clean, start a career and be a supportive father to his children, unlike his father had been for him. A sentence of 36 months allows Dantrell to serve time for his conduct, yet also gives him a second chance to live a law-abiding life.

## CONCLUSION

Based on the foregoing, Mr. Williams respectfully requests that this Honorable Court impose a sentence of thirty-six months imprisonment. A careful examination of the §3553(a) factors, provide that such a sentence is sufficient, but not greater than necessary to achieve the goals of §3553(a).

Respectfully submitted,

s/ Joshua B. Adams
Joshua B. Adams
Counsel for Dantrell Williams

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1515
Chicago, IL 60604
(312) 566-9173

## CERTIFICATE OF SERVICE

I, Joshua B. Adams, an attorney, certify that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document: DEFENDANT'S SENTENCING MEMORANDUM, was served on Monday, June 27, 2016, to all parties of record via the CM/ECF system.

s/ Joshua B. Adams
Joshua B. Adams